**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VICTOR MANUEL MALDONADO-TORRES,

    Petitioner,

v.                                        CASE NO:  8:07-CV-1009-T-30MAP
                                                   Crim. Case #8:06-CR-64-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) filed on June 12, 2007, and the Government's Response thereto (Dkt. #5).

**Background**

Petitioner, VICTOR MANUEL MALDONADO-TORRES (hereinafter referred to as "Maldonado-Torres" or "Petitioner"), was arrested on February 7, 2006, at his residence. Prior to this arrest the Drug Enforcement Administration (DEA) had been monitoring a suspicious package discovered by the United Parcel Service (UPS) that was addressed to Petitioner. During the arrest, Petitioner was in possession of the UPS package containing 893. 3 grams of a methamphetamine mixture, a loaded .380 caliber firearm in his pants, a bucket containing "MSM" which is used to cut methamphetamine, a lease indicating

Petitioner as lessee of the address the box was shipped to, and other equipment such as scales and plastic containers. In addition Petitioner possessed $1854 in United States currency.

Petitioner was indicted on two counts that charged him with: (1) possession with intent to distribute five hundred grams or more of Methamphetamine, in violation of Title 21, United States Code, Sections 841 (a)(1) and 841 (b)(1)(A)(viii), and all in violation of Title 18, United States Code, Section 2, and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United states Code, Section 924(c)(1). Petitioner pled guilty to both counts.

The same day of the plea hearing, the government provided the Petitioner with a Notice of Essential Elements of Offenses, Maximum Penalties, and Factual Basis.[1] This document made Petitioner aware of the charges against him and the possible consequences he would face should Petitioner choose to plead to the charges against him. This document specifically stated that the penalty for Count 2 of the indictment would be a consecutive sentence.

Petitioner filed a notice of appeal on October 6, 2006 to the Eleventh Circuit Court of Appeal and withdrew the appeal on December 20, 2006. The appeal was dismissed with prejudice.

---

[1] Notice of Essential Elements of Offenses, Maximum Penalties, and Factual Basis(Docket 16), United States v. Victor Maldonado-Torres, No. 8:06-CR-64-T-30-MAP (11th Cir. May 11, 2006).

**Discussion**

Petitioner now brings this §2255 motion to set aside his consecutive five year sentence. In particular, Petitioner moves the District Court to vacate, set aside, or correct the sentence because defense counsel was ineffective when he failed to inform the defendant that his two sentences would be consecutive.

The record contradicts this allegation entirely. The Petitioner was made aware of the consecutive nature of the sentences during the plea hearing and by the Notice of Essential Elements of Offenses, Maximum Penalties, and Factual Basis which was filed and presented to the Petitioner.[2]

During the Plea Hearing, Petitioner was asked if he understood that count two of the indictment would be a consecutive sentence that would be a minimum 5 years and a maximum life sentence in addition to the time he would have to serve for Count 1.[3] Petitioner answered "yes." Petitioner was then asked if anyone had made any promises to him in order to get Petitioner to plead guilty. Petitioner answered "no." Petitioner was asked if his decision was made after discussing it with his lawyer to which the Petitioner answered "yes." An interpreter was used during Petitioner's plea hearing. Petitioner confirmed that he understood the sentencing process and that the judge would determine his sentence.

---

[2] *Id.* at 2.

[3] Transcript of Plea Hearing, United States v. Victor Manuel Maldonado-Torres, No. 06-Cr-64-T-30MAP(Docket 5-2) (2006).

Addressing the ineffective assistance of counsel, the only grounds to vacate a sentence are if the counsel's performance fell below an objective standard of reasonable professional assistance and whether the defendant was prejudiced by the deficient performance.[4] The burden is on the Petitioner to prove counsel's performance was unreasonable.[5] Even if Petitioner had proven the first part of the *Strickland* analysis it would still be necessary for him to prove the second prong of the analysis which is prejudice.[6] The Magistrate judge stated clearly with an interpreter present that the sentence ultimately imposed for Count 2 would run consecutively to the sentence imposed for count 1. Petitioner has failed to prove the second prong necessary for relief under *Strickland*.

## CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that:

1.  The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1) is **DENIED**.

2.  The **Clerk** shall enter judgment for Respondent, United States of America, terminate all pending motions, and close this case.

---

[4] Strickland v. Washington, 466 U.S. 668, 688 (1984).

[5] Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000).

[6] Strickland v. Washington, 466 U.S. 668, 688 (1984).

3.	The Clerk is also directed to terminate the pending (CR Dkt. #37) Motion to Vacate, Set Aside, or Correct Sentence filed in the underlying criminal case #8:06-cr-64-T-30MAP.

**DONE** and **ORDERED** in Tampa, Florida on September 19, 2007.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

S:\PDF TEMP FILE\07-cv-1009.deny 2255.wpd